United States Bankruptcy Court
Southern District of Texas

**ENTERED**

September 28, 2021

Nathan Ochsner, Clerk

## IN THE UNITED STATED BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 21-32307** |
| **GARY RUSSELL HAYMOND,** | § | |
| | § | |
| Debtor. | § | |
| | § | |
| | § | **CHAPTER 7** |

## <u>MEMORANDUM OPINION</u>

Gary Russell Haymond seeks dismissal of the instant involuntary petition filed by Triple 7

Capital, LLC on two grounds—for lack of subject matter jurisdiction under Federal Rule of Civil

Procedure 12(b)(1) and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

Alternatively, Gary Russell Haymond seeks entry of summary judgment against Triple 7 Capital,

LLC on the basis that there is no genuine issue of material fact as to whether the petitioning cred-

itor's claim is contingent as to liability and the subject of a bona fide dispute as to liability or

amount.  On September 13, 2021, this Court conducted a hearing and for the reasons stated herein,

the Court denies the motion to dismiss on both grounds and denies the motion for summary judg-

ment.

## I.   BACKGROUND

1.  On June 6, 2016, South Texas Innovations, d/b/a STI, LLC ("*STI*") executed a promissory note to Triple 7 Capital, LLC ("*Petitioning Creditor*") in the amount of $1,000,000 with a maturity date of December 1, 2016 ("*Promissory Note*").[1]   The Promissory Note was signed by "STI, LLC Gary Haymond" as Borrower.

2.  The Promissory Note was not paid by December 1, 2016.[2]

3.  After STI defaulted, Triple 7's managing member, Robbie Hass ("*Hass*") contacted Gary Russell Haymond ("*Haymond*" or "*Alleged Debtor*") several times to demand payment and

---

[1] ECF No. 18, Exs. 1, 2.
[2] ECF No. 6 at 4, ¶ 9; ECF No. 8 at 3, ¶ 8.

to discuss a potential plan for repayment.[3]

4. As discussions between Hass and Haymond regarding a payment plan continued, STI made two payments—on April 4, 2017 in the amount of $106,435.15, and on May 1, 2017 in the amount of $97,354.[4]

5. On June 21, 2017, STI negotiated an extension of the maturity date of the Promissory Note to March 15, 2018.  As consideration for that extended maturity date a Security Agreement was executed by Haymond Individually and as President of Garyrent Properties, LLC and as President of South Texas Innovations, LLC, and Haymond pledging his shares of Garyrent Properties, LLC ("*Garyrent*"), ("*Security Agreement*").[5]

6. The Security Agreement contained the following language:

> THIS SECURITY AGREEMENT (this "Agreement"), dated as of this 20th day of June, is made by and between **Gary Haymond, individually, as guarantor for the Note described below**, and as President of South Texas Innovations, LLC, a Texas Limited Liability Company and as President of Garyrent Properties, LLC (collectively the "Debtor"), with an address at 1617 Peach Leaf St., Houston, Texas and Triple 7 Capital LLC (the "Secured Party"), with an address at 9003 Meadow Vista Blvd, Houston, TX 77064-2007.[6]
> . . .
>
> (c) "**Note**" means that certain Promissory Note, dated as of the date hereof, made by Debtor, for the benefit of Secured Party, in the original principal amount of $ 995,792.00 and a maturity date of December 1, 2016.  As of the date of this Agreement, $203,789.15 of the original Note amount was repaid on May 15, 2017.

7. Under the terms of the Security Agreement, Garyrent pledged real property it owned located at 1611 Peach Leaf St., Houston, Texas 77039 ("*Peach Leaf Property*").  The Security Agreement provided that if $400,000.00 was not paid to Petitioning Creditor on the Note on or before September 15, 2017, Petitioning Creditor had the option to purchase all of Haymond's membership interests in Garyrent for $1.00 and to take possession of the Peach Leaf Property.[7]

8. On October 12, 2017, Petitioning Creditor sent a demand letter purporting to accelerate the debt due under the Promissory Note because the payment of $400,000.00 was not made on or before September 15, 2017.[8]

---

[3] ECF No. 8 at 3, ¶ 9; ECF No. 18, Ex. 3.
[4] ECF No. 18, Exs. 4, 5.
[5] ECF No. 6, Ex. 2 at 33-38.
[6] ECF No. 18, Ex. 10 (emphasis added by the Court).
[7] ECF No. 6 at 4-5, ¶ 10.
[8] *Id.* at 5, ¶ 11.

9. On November 17, 2017, the Petitioning Creditor filed suit against STI, Garyrent, and Haymond in Montgomery County, Texas ("*State Court Suit*").[9]

10. On August 3, 2018, three petitioning creditors filed an involuntary petition under chapter 7 of the Bankruptcy Code against STI in a case styled *In re South Texas Innovations, LLC*, Case No. 18-34245, in the United States Bankruptcy Court for the Southern District of Texas, Houston Division ("*STI BK*").[10]   On October 30, 2018, an order for relief under chapter 11 was entered, converting the case to a case under chapter 11 of the Bankruptcy Code.[11]

11. On March 11, 2019, Petitioning Creditor filed its secured proof of claim No. 34 in the STI BK, based on the Promissory Note and Security Agreement.   The claim was for $1,460,957.29 and asserted a secured portion of only $1.00.[12]

12. On July 7, 2021, Petitioning Creditor filed an involuntary chapter 7 bankruptcy petition ("*Involuntary Petition*") against Alleged Debtor[13] asserting (1) that Alleged Debtor is generally not paying such debtor's debts as they become due, unless they are the subject of a bona fide dispute as to liability or amount, and (2) a claim in the amount of $1,690,359.05 that is subject to a matured loan which remains unpaid ("*Claim*").

13. On July 10, 2021, Alleged Debtor filed the instant "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and (6) and Alternatively, to be Treated as a Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 12(d) and 56(a)" ("*Motion to Dismiss*").[14]

14. On July 30, 2021, Petitioning Creditor filed its response to the Motion to Dismiss ("*Response*").[15]

15. On September 13, 2021, the Court held a hearing on the Motion to Dismiss ("*Hearing*").[16]

## II.    Jurisdiction, Venue, and Constitutional Authority

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334 and now exercises its jurisdiction in accordance with Southern District of Texas General Order 2012–6.[17] This Court determines that pursuant to 28 U.S.C. § 157(b)(1), the instant matter before the Court is a core proceeding

---

[9] ECF No. 18, Ex. 16.
[10] 18-34245, ECF No. 1.
[11] 18-34245, ECF No. 29.
[12] 18-34245, Claim No. 34.
[13] ECF No. 1.
[14] ECF No. 6.
[15] ECF No. 8.
[16] ECF No. 20.
[17] *In re*: *Order of Reference to Bankruptcy Judges*, Gen. Order 2012–6 (S.D. Tex. May 24, 2012).

arising under title 11.  The statutory authority for the contested matter before the court is 11 U.S.C. § 303(b).  More specifically, this Court has been tasked with determining, inter alia, whether the claim of the Petitioning Creditor is contingent as to liability or is the subject of a bona fide dispute as to liability or amount under § 303(b)(1), and whether an order for relief should be entered against Alleged Debtor.  Consideration of the entry of an order for relief on an involuntary petition is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).  Finally, venue is governed by 28 U.S.C. §§ 1408, 1409.  Here, venue is proper because over the last 180 days before the filing of this Involuntary Petition, Alleged Debtor had his domicile, principal place of business, or principal assets located in this district longer than in any other district.[18]

This Court must evaluate whether it has constitutional authority to enter an order in this case.  In *Stern*, which involved a core proceeding brought by the debtor under 28 U.S.C. § 157(b)(2)(C), the Supreme Court held that a bankruptcy court "lacked the constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim."[19]  This Court has the constitutional authority to enter a final order here because this is a core proceeding and there is no *Stern* issue.  Interpreted narrowly, *Stern* is limited to one specific core proceeding, § 157(b)(2)(C), stripping bankruptcy courts of constitutional authority to enter a final order where a state law counterclaim is not resolved in the process of ruling on a creditor's proof of claim.[20]  Neither § 157(b)(2)(C) nor state law claims are implicated in this proceeding, so this Court concludes that the narrow limitation imposed by *Stern* does not prohibit this Court from entering a final order here.[21]

---

[18] ECF No. 1 (Allegation was made by checking a box in paragraph 10).
[19] *Stern v. Marshall*, 564 U.S. 462, 475 (2011).
[20] *Id.*
[21] *See, e.g.*, *Badami v. Sears (In re AFY, Inc.)*, 461 B.R. 541, 547-48 (8th Cir. BAP 2012) ("Unless and until the Supreme Court visits other provisions of, we take the Supreme Court at its word and hold that the balance of the authority granted to bankruptcy judges by Congress in 28 U.S.C. § 157(b)(2) is constitutional."); *see also Tanguy v.*

Alternatively, even if *Stern* applies to all of the categories of core proceedings,[22] this Court still concludes that *Stern* does not prohibit this Court from entering a final order in this dispute. In *Stern* the debtor filed a counterclaim based *solely* on state law; whereas, here, dismissal of an involuntary bankruptcy proceeding is based *exclusively* on express provisions of the Bankruptcy Code—11 U.S.C. § 303(j)—and judicially created bankruptcy law interpreting those provisions. This Court is therefore constitutionally authorized to enter a final order or judgment.

## III.   ANALYSIS

As a preliminary matter, if the involuntary petition is contested, as in this case, then the court must enter an order for relief against a debtor under the chapter under which the petition was filed if "the debtor is generally not paying his debts as they come due unless such debts are the subject of a bona fide dispute as to liability or amount."[23] Alleged Debtor has raised several arguments in support of dismissal of the involuntary petition. The Court will consider each in turn.

### A.  Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1)

#### 1.   Standard of review

Alleged Debtor first seeks dismissal under Federal Rule of Civil Procedure 12(b)(1).[24] Under Rule 12(b)(1),[25] this Court must dismiss the complaint if it finds that it lacks subject matter jurisdiction to hear the dispute.[26] "A case is properly dismissed for lack of subject matter

---

*West (In re Davis)*, 538 F. App'x 440, 443 (5th Cir. 2013) ("[W]hile it is true that *Stern* invalidated 28 U.S.C. § 157(b)(2)(C) with respect to 'counterclaims by the estate against persons filing claims against the estate,' *Stern* expressly provides that its limited holding applies only in that 'one isolated respect' . . . . We decline to extend *Stern*'s limited holding herein.") (citing *Stern*, 564 U.S. at 475, 503).

[22] *See First Nat'l Bank v. Crescent Elec. Supply Co. (In re Renaissance Hosp. Grand Prairie Inc.)*, 713 F.3d 285, 294 n.12 (5th Cir. 2013) ("*Stern*'s 'in one isolated respect' language may understate the totality of the encroachment upon the Judicial Branch posed by Section 157(b)(2) . . . .").

[23] 11 U.S.C. § 303(h).

[24] ECF No. 6 at 8.

[25] FED. R. BANKR. P. 7012(b) (providing that Federal Rule of Civil Procedure 12 applies in adversary proceedings).

[26] The Court notes that it has the jurisdiction to determine whether it has subject matter jurisdiction over the dispute at bar. *See Henry v. United States*, 277 Fed. Appx. 429, 434 n.11 (5th Cir. 2008) ("A court always has jurisdiction to consider its jurisdiction . . . .") (citing *Chicot County Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 376 (1940)

jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[27]
"Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief."[28]

A motion to dismiss under Rule 12(b)(1) is characterized as either facial or factual.[29]  A facial attack is based solely upon the complaint itself, whereas a factual attack challenges the existence of the subject matter jurisdiction in fact, and is irrespective of the pleadings.[30]  This means matters outside the pleadings—such as testimony and affidavits—are considered in a factual attack challenge.[31]  The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting that subject matter jurisdiction exists.[32]

### 2.   Whether the Court holds subject matter jurisdiction

Alleged Debtor moves to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1).  He asserts that the Petitioning Creditor "lacks standing to bring the involuntary petition, because its Claim is contingent as to liability and is subject to a 'bona fide dispute.'"[33]  In other words, Alleged Debtor contends that unless Petitioning Creditor can sufficiently demonstrate satisfaction of the requirements to bring an involuntary petition under 11 U.S.C. § 303(b), this Court

---

(holding that a federal court has authority to determine whether it has subject matter jurisdiction over a dispute)); *Trevino v. Michelin N. Am., Inc*., 2006 U.S. Dist. LEXIS 17754, 2006 WL 778609, at *8 (S.D. Tex. Mar. 23, 2006) ("The court has the authority to pass upon its own jurisdiction . . . .") (quoting Chicot County Drainage Dist., 308 U.S. at 376).

[27] *Champions Truck & Equip. Inc. v. Patterson*, 2008 U.S. Dist. LEXIS 55343, 2008 WL 2810608, at *1-2 (S.D. Tex. July 21, 2008) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss*., 143 F.3d 1006, 1010 (5th Cir. 1998)).

[28] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[29] *Menchaca v. Chrysler Credit Corp*., 613 F.2d 507, 511 (5th Cir. 1980).

[30] *Id.*

[31] *Id.*

[32] *Ramming*, 281 F.3d at 161; *see also, e.g.*, *Howery v. Allstate Ins. Co*., 243 F.3d 912, 916 (5th Cir. 2001); *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

[33] ECF No. 6 at 2, ¶ 1.

lacks subject matter jurisdiction.

In *Arbaugh*, the Supreme Court laid out the "readily administrable bright line" test for distinguishing between federal subject matter jurisdiction over a controversy and the essential elements of a federal claim for relief.[34]  In a unanimous decision, the Supreme Court held that "[i]f the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue."[35]  "But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional  in character."[36]

Since *Arbaugh*, circuit courts have consistently held that requirements of § 303 are nonjurisdictional.[37]  The Fifth Circuit has yet to opine on the matter itself.  However, courts within the Fifth Circuit, including this Court in *In re HL Builders*,[38] have also held that the statutory requirements for an involuntary petition under § 303 are not jurisdictional.[39]  A factually similar case arose in *In re On-Site Fuel Service*, where the alleged debtor argued that the petitioning creditor's failure to satisfy the threshold statutory requirements of § 303(b)(1) created a jurisdictional issue.[40]  Just like Alleged Debtor in this case, the alleged debtor in *In re On-Site Fuel Service* argued that the involuntary petition should be dismissed for lack of subject matter jurisdiction because

---

[34] *Arbaugh v. Y&H Corp*., 546 U.S. 500, 503 (2006).

[35] *Id*. at 515–16.

[36] *Id*. at 516.

[37] *See Trusted Net Media Holdings, LLC v. Morrison Agency, Inc*. (*In re Trusted Net Media Holdings, LLC*), 550 F.3d 1035, 1046 (11th Cir. 2008) (holding that 11 U.S.C. § 303(b) does not implicate subject matter jurisdiction); *Adams v. Zarnel* (*In re Zarnel*), 619 F.3d 156, 169 (2d Cir. 2010) ("[T]he restrictions of § 303 fall decisively on the nonjurisdictional side of *Arbaugh's* bright line."); *Kelly v. Herrell*, 602 F. App'x 642, 646 (7th Cir. 2015) ("[T]he filing requirements in 11 U.S.C. § 303 are not jurisdictional."); *Mitchell v. Weinman* (*In re Mitchell*), 554 F. App'x 756, 760 (10th Cir. 2014) (affirming a Bankruptcy Appellate Panel decision finding that § 303(b) was nonjurisdictional).

[38] *In re HL Builders, LLC*, No. 19-32825, 2020 Bankr. LEXIS 439, at *12 (Bankr. S.D. Tex. 2020).

[39] *Id.*; *In re On-Site Fuel Serv*., No. 18-04196-NPO, 2019 Bankr. LEXIS 247, at *16 (Bankr. S.D. Miss. 2019); *In re Rambo Imaging, L.L.P*., No. 07-11190-FRM, 2007 Bankr. LEXIS 3912, 2007 WL 3376163, at *4 (Bankr. W.D. Tex. Nov. 8, 2007).

[40] *In re On-Site Fuel Serv.*, No. 18-04196-NPO, 2019 Bankr. LEXIS at *12.

petitioning creditor's claim was subject to a bona fide dispute and thus, the petitioning creditor lacked standing.[41]  After weighing case history in the wake of *Arbaugh*, the court ultimately applied the bright line test and concluded that § 303(b)'s requirements are nonjurisdictional.[42]  Similarly, this Court finds that, rather than being jurisdictional in nature, § 303's undisputed claims requirement goes to the merits.

Accordingly, Alleged Debtor's Motion to Dismiss the Involuntary Petition pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction is denied.

## B.  Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)

### 1.  Standard of review

Alleged Debtor also seeks dismissal of the involuntary petition pursuant to Federal Rule of Civil Procedure 12(b)(6).[43]  Rule 1011 provides that the debtor may contest an involuntary petition, and it expressly allows the alleged involuntary debtor to file a Rule 12 motion before answering.[44]  Thus, Rule 12(b)(6) applies in a contested involuntary situation just as it does generally: the motion challenges the sufficiency of the allegations in the involuntary petition.

Under Rule 12(b)(6), this Court may dismiss a complaint for "failure to state a claim upon which relief can be granted."[45]  This Court reviews motions under Rule 12(b)(6) by "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the [Petitioning Creditor]."[46]  Although this Court "will not strain to find inferences favorable to the [Petitioning Creditor],"[47] the facts need only be sufficient "for an inference to be drawn that the elements of

---

[41] *Id*.
[42] *Id*. at 15.
[43] ECF No. 6 at 6.
[44] Fed. R. Bankr. P. 1011(a)-(c).
[45] Fed. R. Civ. P. 12(b)(6).
[46] *Stokes v. Gann*, 498 F. 3d 483, 484 (5th Cir. 2007) (per curiam).
[47] *Southland Sec. Corp. v. INSpire Ins. Solutions Inc.,* 365 F.3d 353, 361 (5th Cir. 2004) (internal quotations omitted).

the claim exist."[48]

      To defeat a motion to dismiss pursuant to Rule 12(b)(6), Petitioning Creditor must meet Federal Rule of Civil Procedure 8(a)(2)'s pleading requirements.  Rule 8(a)(2) requires Petitioning Creditor to plead "a short and plain statement of the claim showing that the pleader is entitled to relief."[49]  In *Ashcroft v. Iqbal*, the Supreme Court held that Rule 8(a)(2) requires that "the well-pleaded facts . . . permit the court to infer more than the mere possibility of misconduct."[50]  "Only a complaint that states a plausible claim for relief survives a motion to dismiss."[51]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[52]  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[53]  Traditionally, however, motions to dismiss are disfavored and thus, rarely granted.[54]

      Finally, an involuntary debtor may initially contest the involuntary petition through a Rule 12(b)(6) motion, but where a trial is required for resolution it must answer and file the list of creditors required by Federal Rule of Bankruptcy Procedure 1003(b).[55]  When an involuntary debtor files a Rule 12(b)(6) motion in connection with a contested involuntary bankruptcy, Rule 1011 extends the time for the answer as permitted in Rule 12(a).[56]  Rule 12(a)

---

[48] *Harris v. Fidelity Nat'l Info. Serv* (*In re Harris*), Nos. 03-44826, 08-3014, 2008 Bankr. LEXIS 1072 at *11 (Bankr. S.D. Tex. Apr. 4, 2008) (citing *Walker v. South Cent. Bell Tel. Co*., 904 F2d 275, 277 (5th Cir. 1990)).

[49] Fed. R. Civ. P. 8(a).

[50] 556 U.S. 662, 679, (2009) (quoting Rule 8(a)(2)).

[51] *Id*. (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

[52] *Id*. at 678 (citing *Twombly*, 550 U.S. at 555).

[53] *Id*. (quoting *Twombly*, 550 U.S. at 556*; see also Lormand v. US Unwired, Inc*., 565 F.3d 228, 232 (5th Cir. 2009) ("A complaint does not need detailed factual allegations but must provide the plaintiff's grounds for entitlement to relief – including factual allegations that when assumed to be true raise a right to relief above the speculative level."). (citations omitted).

[54] *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005).

[55] *Hayden v. QDOS, Inc. (In re QDOS, Inc.)*, 607 B.R. 338, 345 (B.A.P. 9th Cir. 2019).

[56] Fed. R. Bankr. P. 1011(c).

provides that where a court denies a Rule 12(b) motion or postpones its determination until trial, the answer must be filed within fourteen days of the court's action.[57]  So, once a trial is required to resolve issues in a contested involuntary proceeding, the involuntary debtor must answer within fourteen days.

### 2.   Whether Petitioning Creditor has adequately pled an involuntary petition

In his Motion To Dismiss, Alleged Debtor contends that Petitioning Creditor failed to satisfy its pleading burden under Rule 8,[58] in that Petitioning Creditor merely "takes advantage of the national form for its involuntary petition in order to mask its complete and utter lack of standing."[59] From Alleged Debtor's perspective, completing Official Form 105 and checking the appropriate boxes is "not nearly sufficient" under *Iqbal* and that further detail "would reveal that the claim is in fact subject to a bona fide dispute."[60]  Therefore, Alleged Debtor asserts that additional evidence should have been submitted with the Involuntary Petition to demonstrate that Petitioning Creditor's Claim was not subject to a bona fide dispute.

Federal Rule of Bankruptcy Procedure 9009(a) requires parties to use the Official Forms prescribed by the Judicial Conference of the United States in filing a bankruptcy petition without alteration,[61] and its "legal sufficiency is generally assumed."[62]  As the *Gutierrez* court noted, while the use of Rule 12 is allowed in the context of an involuntary petition, its benefits in this situation are limited.[63]  Instead, the superior approach, more consistent with the policy of disposing of

---

[57] FED. R. CIV. P. 12(a)(4)(A).

[58] ECF No. 6 at 2, ¶ 2.

[59] *Id.* at 13, ¶ 31.

[60] ECF No. 6 at 14, ¶ 31.

[61] FED. R. BANKR. P. 9009.

[62] *In re Gutierrez*, No. 20-50129-NPO, 2020 Bankr. LEXIS 1304, at *7 (Bankr. S.D. Miss. 2020).

[63] *Id.*

litigation on the merits, is for issues such as those raised here to be determined after a prompt trial on the merits.[64]

In determining if an involuntary petition withstands a motion to dismiss, the Court must look at the substantive requirements under 11 U.S.C. § 303.[65]  In order to successfully plead an involuntary petition, a petitioning creditor must establish that: (1) the alleged debtor can be a debtor under chapter 7 or 11 of the Bankruptcy Code; (2) the petitioning creditor has standing to file an involuntary petition under § 303(b); and (3) the alleged debtor is generally not paying his debts as they become due and the debts are not the subject of a bona fide dispute as to liability or amount.[66]

Here, Petitioning Creditor used Official Form 105 as required by the Bankruptcy Code. That form, completed by Petitioner by the checking of applicable boxes, states only that:

[X] Each Petitioner is eligible to file this petition under 11 USC § 303(b).

[X] The debtor may be the subject of an involuntary case under 11 USC § 303(a).

[X] The debtor is generally not paying such debtor's debts as they become due, unless they are the subject of a bona fide dispute as to liability or amount.[67]

On the third page of the Involuntary Petition, where it is asked to list information about all the petitioning creditors, Petitioning Creditor listed only itself, inserted "Matured loans remain un-paid" under the heading of "Nature of petitioner's claim," and listed $ 1,690,359.05 under the heading "Amount of claim above the value of any lien."[68]

### a.  Whether Petitioning Creditor has standing to file the Involuntary Petition

Section 303(b) requires that:

An involuntary case against a person is commenced by the filing with the bank-ruptcy court of a petition under chapter 7 or 11 of this title—

---

[64] *Id.*
[65] *In re Green Hills Dev. Co.*, 445 B.R. 647, 654 (Bankr. S.D. Miss. 2011).
[66] 11 U.S.C. § 303(a), (b), (h).
[67] ECF No. 1.
[68] *Id.*

(1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount . . . if such noncontingent, undisputed claims aggregate at least $16,750 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims;

(2) if there are fewer than 12 such holders, excluding any employee or insider . . . and any transferee of a transfer that is voidable under [the Code], by one or more of such holders that hold in the aggregate at least $16,750 of such claims;

(3) if such person is partnership—
(A) by fewer than all of the general partners in such partnership; or
(B) if relief has been ordered under this title with respect to all of the general partners in such a partnership, by a general partner in such partnership, the trustee of such a general partner, or a holder of a claim against such a partnership; or

(4) by a foreign representative of the estate in a foreign proceeding concerning such person.[69]

Distilled, § 303(b) permits three categories of persons to file a petition: (1) unsecured creditors with undisputed, noncontingent claims; (2) general partners of a partnership debtor; and (3) foreign representatives of a debtor in a foreign proceeding.[70]

Here, the Involuntary Petition was filed by one petitioning creditor: Triple 7 Capital, LLC.[71] Thus, Petitioning Creditor only has standing under § 303(b) if Alleged Debtor has less than twelve creditors.[72] At the Rule 12(b)(6) stage, Petitioning Creditor's burden is met by checking the box on Official Form 105 indicating that, "The debtor may be the subject of an involuntary case under 11 USC § 303(a)." Furthermore, at the September 13, 2021 hearing, Alleged Debtor conceded that he has less than twelve creditors.

---

[69] 11 U.S.C. § 303(b)(1)–(4).
[70] 11 U.S.C. § 303(b).
[71] ECF No. 1.
[72] *Grogan v. Garner,* 498 U.S. 279, 286 (1991).

Next, the unsecured sum of the Petitioning Creditor's claim must aggregate at least $16,750 against Alleged Debtor.[73]  Here, Petitioning Creditor's claim as pled in the Involuntary Petition against Alleged Debtor amounts to $1,690,359.05.[74]  Although Alleged Debtor disputes liability generally, it does not raise any arguments suggesting that Petitioning Creditor's Claim is for less than the $16,750 threshold.  As with the numerosity of creditor question above, Petitioning Creditor has met its Rule 12(b)(6) burden by checking the box indicating that Alleged Debtor is eligible under § 303(a).

Accordingly, Petitioning Creditor has adequately pled that it has standing to file the Involuntary Petition.

### b.  Whether Alleged Debtor can be a debtor under chapter 7

Under Section 303(a):

> An involuntary case may be commenced only under chapter 7 or 11 of this title and only against a person, except a farmer, family farmer, or a corporation that is not a moneyed, business, or commercial corporation, that may be a debtor under the chapter under which such case is commenced.[75]

Section 101(41) provides, "[t]he term 'person' includes individual, partnership, and corporation, but does not include governmental unit . . . ."  Pursuant to § 109(b), a person, subject to certain exceptions not relevant here, is eligible for liquidation under the Bankruptcy Code.  Here, Petitioning Creditor filed this Involuntary Petition against Alleged Debtor under chapter 7.  The Involuntary Petition asserts that Alleged Debtor is an individual.  Alleged Debtor did not contest that assertion.

Accordingly, Alleged Debtor may be a debtor under chapter 7 of the United States Bankruptcy Code.

---

[73] 11 U.S.C. § 303(b)(1). *See* Adjustment of Dollar Amounts notes set out under this section and 11 U.S.C. § 104.
[74] ECF No. 1.
[75] 11 U.S.C. § 303(a).

     **c.**  **Whether the Alleged Debtor generally is not paying his debts as they become due and whether the debts are the subject of a bona fide dispute as to liability or amount**

By checking the box on Official Form 105 indicating that "[t]he debtor is generally not paying such debtor's debts as they become due, unless they are the subject of a bona fide dispute as to liability or amount," Petitioning Creditor has met its Rule 8(a)(2) burden.  While the Motion to Dismiss does not address whether Alleged Debtor is paying his debts as they become due, Alleged Debtor argues that the Claim is subject to a bona fide dispute.  However, a motion to dismiss under Rule 12(b)(6) considers only the contents of "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."[76]

Rule 9009(a) states that "[t]he Official Forms prescribed by the Judicial Conference of the United States shall be used without alteration."[77]  That mandate suggests that the use of Official Form 105 is legally sufficient to state a claim.  To require additional information outside the Official Form, as Alleged Debtor argues this Court should, would imply the Official Form is somehow deficient.  Furthermore, Alleged Debtor asserts that Petitioning Creditor was required to plead that the Claim is not the subject of a bona fide dispute.  Such would require Petitioning Creditor to recite the absence of facts indicating a bona fide dispute, rather than reciting facts.[78]  Instead of requiring a petitioning creditor to plead factual allegations proving a negative, courts have held that an allegation that no bonda fide dispute exists may reasonably be inferred by the absence of

---

[76] *Ironshore Europe DAC v. Schiff Hardin, LLP*, 912 F.3d 759, 763 (5th Cir. 2019).
[77] Fed. R. Bankr. P. 9009(a) (emphasis added).
[78] *In re Gutierrez*, No. 20-50129-NPO, 2020 Bankr. LEXIS 1304, at *10 (Bankr. S.D. Miss. 2020).

facts and by the allegation on Official Form 105 that a petitioning creditor is eligible to be a petitioning creditor under § 303(b)(2).[79]  Petitioning Creditor has satisfied this burden here.

Accordingly, Alleged Debtor's Motion to Dismiss under Rule 12(b)(6) is denied.

### C. Motion for Summary Judgment

#### 1. Standard of review

Alleged Debtor next asks the Court to treat the Motion as one for summary judgment under Federal Rule of Civil Procedure 56(a), attaching evidence in support of his motion thereto.[80]  Alleged Debtor asserts that "there is a genuine issue of material fact on whether the [Petitioning Creditor]'s Claim is the subject of a bona fide dispute."[81]

Rule 56 permits a party to move for summary judgment, "identifying each claim or defense—*or the part of each claim* or defense—on which summary judgment is sought."[82]  Rule 56, incorporated into adversary proceedings by Federal Rule of Bankruptcy Procedure 7056, states that the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[83]  In determining whether summary judgment is appropriate, a court need only consider record materials that have been cited, although it may consider other materials in the record.[84]  When considering those materials, a court is not to weigh the evidence, assess its probative value, or resolve factual disputes.[85] The facts must be reviewed with all "justifiable inferences" drawn in the non-movant's favor.[86]

---

[79] *See id.* ("That allegation may reasonably be inferred by the absence of facts and by the allegation on Official Form 105 that [Petitioning Creditor] is eligible to be a petitioning creditor under § 303(b)(2)."); *see also In re Rambo Imaging, L.L.P.*, 2007 Bankr. LEXIS 3912, 2007 WL 3376163, at * 9 (holding that the lack of a bona fide dispute may be reasonably be inferred by the absence of facts that show there is some contingency or bona fide dispute).

[80] *Id.* at 2, ¶ 3.

[81] ECF No. 6 at 14, ¶ 32.

[82] FED. R. CIV. P. 56(a) (emphasis added).

[83] *Id.*

[84] *Id.* (citing FED. R. CIV. P. 56(c)(3)).

[85] *Williams v. Time Warner Operation, Inc.*, 98 F.3d 179, 181 (5th Cir. 1996).

[86] *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir.1998).

Nevertheless, factual controversies will be resolved in a non-movant's favor "only when there is an actual controversy—that is, when both parties have submitted evidence of contradictory facts."[87]  If, however, the record could not lead a rational trier of fact to find for the non-movant, summary judgment is appropriate.[88]  Where the facts are undisputed and only questions of law exist, a court must apply the appropriate law to the facts to determine whether the movant is entitled to judgment as a matter of law.[89]

Under Rule 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue for trial."[90]  The evidentiary support needed to meet the initial summary burden depends on whether the movant bears the ultimate burden of proof at trial.  When the non-moving party has the burden of proof at trial, the moving party may carry its burden at summary judgment either by presenting evidence negating an essential element of the non-moving party's claim or by pointing to specific portions of the record which demonstrate that the non-moving party cannot meet its burden of proof at trial.[91]  Upon an adequate showing of insufficient evidence, the non-movant must respond with sufficient evidence to support the challenged element of its case.[92]  The motion should be granted only if the non-movant cannot produce evidence to support an essential element of its claim.[93]

### 2.  Alleged Debtor's Motion For Summary Judgment

---

[87] *Laughlin v. Olszewski,* 102 F.3d 190, 193 (5th Cir.1996).

[88] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[89] *Sheline v. Dun & Bradstreet Corp.*, 948 F.2d 174, 176 (5th Cir. 1991); *see Barnes v. Allstate Ins. Co.*, 2014 WL 1457696, at *1 (E.D. La. Apr. 14, 2014) ("Because the facts are undisputed and this motion presents only a question of law, resolution on summary judgment is appropriate.").

[90] *Matsushita Elec. Ind. Co.*, 475 U.S. at 586–87 (1986); *Adams v. Travelers Indem. Co. of Connecticut,* 465 F.3d 156, 163 (5th Cir. 2006).

[91] *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 606-08 (11th Cir. 1991) (explaining *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970) and *Celotex*, 477 U.S. 317 (1986)).

[92] *Celotex*, 477 U.S. at 324.

[93] *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

As analyzed above, this Court already determined that Petitioning Creditor adequately pled the Involuntary Petition when it filed Official Form 105 and checked the necessary boxes.  The Court now analyzes whether there is a genuine dispute of material fact as to whether Petitioning Creditor's Involuntary Petition meets the requirements of § 303.  Alleged Debtor  bears the initial burden in his motion for summary judgment in establishing the absence of any genuine issue of material fact as to whether Petitioning Creditor has failed to establish one or more of the elements of § 303.[94]  Because, at trial, Petitioning Creditor  bears the burden of proof under § 303, Alleged Debtor will prevail on his motion for summary judgment if he demonstrates that Petitioning Creditor lacks sufficient evidence to support an essential element of § 303.[95]  Notably, Alleged Debtor has not controverted the § 303 requirements for minimum dollar amount; number of creditors; and whether debtor was generally paying debts as they became due.  Thus, the sole issue before the Court on summary judgment is whether there is an absence of any genuine issue of material fact as to whether Petitioning Creditor has met its burden in showing that its Claim: (1) is not contingent as to liability; and (2) is not subject to a bona fide dispute as to liability or amount.[96]

### a.  Whether Petitioning Creditor's Claim is contingent as to liability

Under the Bankruptcy Code, a claim is defined as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured."[97]  The Fifth Circuit has stated that a contingent claim is one where liability of "the debtor's legal duty to pay does not come into existence until triggered by the occurrence of a future event and such future occurrence was within the actual

---

[94] *Celotex*, 477 U.S. at 322-23; *see also In re Rand Int'l Leisure Prods., LLC*, No. 10-71497-ast, 2010 Bankr. LEXIS 2021, at *6 (Bankr. E.D.N.Y. 2010) ("A movant has the initial burden of establishing the absence of any genuine issue of material fact.").

[95] *Celotex*, 477 U.S. at 325.

[96] ECF No. 6 at 16, ¶ 36.

[97] 11 U.S.C. § 101(5)(A).

or presumed contemplation of the parties at the time the original relationship of the parties was created."[98]   The *In re All Media Properties, Inc.* court stated that "just because a claim is unliquidated, disputed or unmatured apparently does not mean it is contingent" and that "[o]nly holders of claims that are contingent as to liability are denied the right to be petitioning creditors."[99]

Here, Alleged Debtor's Motion for Summary Judgment both (1) highlights the absence of facts in the Involuntary Petition showing that Claim is not contingent as to liability; and (2) offers evidence showing that the Claim is contingent as to liability.   Alleged Debtor contends that ongoing litigation in the State Court Suit regarding the Security Agreement demonstrates that Petitioning Creditor's Claim is contingent as to Alleged Debtor's liability on the Claim.   Specifically, Alleged Debtor notes the state court's denial of cross-motions for summary judgment in that case and offers exhibits 1–10 attached to his Motion which he uses to identify those portions of the record that he believes demonstrate the absence of a genuine issue of material fact.

> **Exhibit 1** - a "Register of Actions" in Case No. 17-11-14244, Triple 7 Capital, LLC vs. Garyrent Properties, LLC Gary Haymond in the 457th Judicial District Court of Montgomery County Texas.[100]
>
> **Exhibit 2** – Plaintiff's Motion For Summary Judgment in Case No. 17-11-14244, Triple 7 Capital, LLC vs. Garyrent Properties, LLC Gary Haymond in the 457th Judicial District Court of Montgomery County Texas.[101]
>
> **Exhibit 3** – Garyrent Properties, LLC's And Gary Haymond's Response To Triple 7 Capital, LLC's Motion For Summary Judgment in Case No. 17-11-14244, Triple 7 Capital, LLC vs. Garyrent Properties, LLC Gary Haymond in the 457th Judicial District Court of Montgomery County Texas.[102]

---

[98] *Subway Equip. Leasing Corp. v. Sims (In re Sims)*, 994 F.2d 210, 220 (5th Cir. 1993); *see also In re All Media Properties, Inc.,* 5 B.R. 126, 133 (Bankr. S.D. Tex. 1980).
[99] *In re All Media Properties, Inc.,* 5 B.R. at 133.
[100] ECF No. 6, Ex. 1.
[101] ECF No. 6, Ex. 2.
[102] ECF No. 6, Ex. 3.

**Exhibit 4** – Plaintiff's Reply to Defendant's Response to Plaintiff's Motion For Summary Judgment in Case No. 17-11-14244, Triple 7 Capital, LLC vs. Garyrent Properties, LLC Gary Haymond in the 457th Judicial District Court of Montgomery County Texas.[103]

**Exhibit 5** – Order Denying Triple 7 Capital, LLC's Motion For Summary Judgment in Case No. 17-11-14244, Triple 7 Capital, LLC vs. Garyrent Properties, LLC Gary Haymond in the 457th Judicial District Court of Montgomery County Texas.[104]

**Exhibit 6** – Defendant's No Evidence Motion For Summary Judgment in Case No. 17-11-14244, Triple 7 Capital, LLC vs. Garyrent Properties, LLC Gary Haymond in the 457th Judicial District Court of Montgomery County Texas.[105]

**Exhibit 7** – Plaintiff's Response to Defendant's No Evidence Motion For Summary Judgment in Case No. 17-11-14244, Triple 7 Capital, LLC vs. Garyrent Properties, LLC Gary Haymond in the 457th Judicial District Court of Montgomery County Texas.[106]

**Exhibit 8** – Defendant's Reply to Plaintiff's Response to Defendant's No Evidence Motion For Summary Judgment in Case No. 17-11-14244, Triple 7 Capital, LLC vs. Garyrent Properties, LLC Gary Haymond in the 457th Judicial District Court of Montgomery County Texas.[107]

**Exhibit 9** – Order Denying Defendant's No Evidence Motion For Summary Judgment in Case No. 17-11-14244, Triple 7 Capital, LLC vs. Garyrent Properties, LLC Gary Haymond in the 457th Judicial District Court of Montgomery County Texas.[108]

**Exhibit 10** – South Texas Innovations, LLC Proof of Claim in Case No. 18-34245.[109]

Each of these exhibits are offered by Alleged Debtor to highlight Petitioning Creditor's need and failure to prove that there is no genuine issue of material fact that Petitioning Creditor's claim is not contingent.[110]  Therefore, Alleged Debtor satisfied his initial summary judgment burden by highlighting the absence of facts in the Involuntary Petition supporting the allegation that the Claim was not contingent as to liability.  That the Claim is not contingent as to liability is an essential element of Petitioning Creditor's standing requirements for filing the Involuntary Petition under §

---

[103] ECF No. 6, Ex. 4.
[104] ECF No. 6, Ex. 5.
[105] ECF No. 6, Ex. 6.
[106] ECF No. 6, Ex. 7.
[107] ECF No. 6, Ex. 8.
[108] ECF No. 6, Ex. 9.
[109] ECF No. 6, Ex. 10.
[110] ECF No. 6 at 16, ¶ 36.

303.  Once the Alleged Debtor highlighted the absence of facts supporting this essential element, the burden then shifted to Petitioning Creditor to provide evidence showing a genuine dispute of material fact as to whether the Claim was contingent as to liability.

At the Hearing, Petitioning Creditor submitted summary judgement evidence demonstrating that on June 20, 2017, Alleged Debtor signed a Security Agreement in his individual capacity to guarantee payment of the Promissory Note.[111]  The Security Agreement does not provide for any condition precedent to Alleged Debtor's liability for the indebtedness owed under the Promissory Note upon default of the Security Agreement.[112]  Instead, the Security Agreement required the "Debtors" (which includes Alleged Debtor) to make a $400,000 payment by September 15, 2017, with the remaining indebtedness to be paid by March 15, 2018.[113]  It also provided that failure to make the $400,000 payment would be a default, and that in the event of a default, Petitioning Creditor had the right to accelerate the indebtedness and exercise "any remedies provided herein or by any applicable law or in equity."[114]

In Texas, there is a distinction between a "guaranty of collection (or conditional guaranty)" and a "guaranty of payment (or unconditional guaranty)."[115]  A guarantor of collection promises to pay the debt if it cannot be collected from the primary obligor by the use of reasonable diligence.[116]  Conversely, a guarantor of payment is primarily liable and waives any requirement that the holder of the note take action against the maker as a condition precedent to the guarantor's liability.[117]  A guaranty agreement is deemed to be a guaranty of payment unless the agreement

---

[111] *See* ECF No. 18, Ex. 10.
[112] *See Id.*
[113] *Id.*
[114] *Id.*
[115] *Jamshed v. McLane Express Inc*., 449 S.W.3d 871, 879 (Tex. App.—El Paso 2014).
[116] *Id*.
[117] *Id*.

specifies otherwise, which means the guarantor is jointly and severally liable on the debt and may be sued under the same terms as the principal obligor.[118] Here, Petitioning Creditor offered evidence showing that the indebtedness owed on the Promissory Note, was an "absolute guaranty" that is unconditional and not contingent as to liability.[119]

This Court finds that the summary judgment evidence offered by Petitioning Creditor illustrates a genuine dispute of material fact as to whether the Claim was not contingent as to liability. In his evidentiary submission, Alleged Debtor has failed to address whether the Security Agreement was a guarantee of payment, guarantee of collection or something else.[120] Instead, Alleged Debtor merely asserts that the Claim's status in state court renders the debt both "contingent and the subject of a bona fide dispute."[121] However, this argument conflates the question of whether the Claim was contingent as to liability with whether the Claim was subject to bona fide dispute as to liability or amount. As the *In re All Media Properties, Inc.* court made clear, a claim is not contingent as to liability simply because it is disputed.[122] Thus, Petitioning Creditor has met its burden of production and Alleged Debtor has failed to demonstrate that no genuine issue of material fact exists as to whether the Claim is not contingent as to liability.

---

[118] *Id.*

[119] *See id.* at 880 ("A guaranty agreement is deemed to be a guaranty of payment unless the agreement specifies otherwise..."); *Joseph Thomas, Inc. v. Graham*, 842 S.W.2d 343, 345 n. 2 (Tex. App.—Tyler 1992) ("[A] written guaranty that is unqualified and expresses no condition for the payment of the debt is an "absolute guaranty," or a "guaranty of payment").

[120] The Court took judicial notice of Exhibits 1 – 10 offered by Alleged Debtor. As a general matter, courts may take judicial notice of documents filed in another court, though merely to establish that such documents have been filed, or to establish the existence of litigation. *See, e.g., Anderson v. Dallas County*, 2007 U.S. Dist. LEXIS 28702, at *9, 2007 WL 1148994 (N.D.Tex. Apr. 18, 2007) ("The Fifth Circuit has determined that a court may take judicial notice of a 'document filed in another court ... to establish the fact of such litigation and related filings,' but 'cannot take notice of the factual findings of another court.'") (quoting *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 (5th Cir.Tex.1998)). However, the Court has not and will not address arguments raised in these documents unless expressly re-argued before this Court.

[121] ECF No. 6 at 7, ¶ 20 ("The pleadings in the State Court Suit make one thing clear – the Petitioner's claim against Haymond is contingent and is the subject of a bona fide dispute.").

[122] *In re All Media Properties, Inc.*, 5 B.R. at 133 ("[J]ust because a claim is unliquidated, disputed or unmatured apparently does not mean it is contingent.").

Accordingly, Alleged Debtor's summary judgment motion with respect to the Claim being contingent as to liability is denied.

### b. Whether there exists a bona fide dispute as to liability or amount of the Petitioning Creditor's Claim

Next, the Court analyzes whether Alleged Debtor can show an absence of any genuine issue of material fact offered by Petitioning Creditor demonstrating that Petitioning Creditor's Claim is not the subject of a bona fide dispute as to liability or amount.  In considering this prohibition, "[t]he court's objective is to ascertain whether a dispute that is bona fide exists; the court is not to actually resolve the dispute."[123]  In other words, the bankruptcy court's job under § 303(b) is not to conduct a thorough trial and determine the proper legal result but simply to determine whether a bona fide dispute exists.[124]  This Court may, however, conduct a limited analysis of the legal issues in order to ascertain whether there is an objective basis for either a factual or legal dispute as to the validity of the debt.[125]

Although "bona fide dispute" is not defined under the Bankruptcy Code, the Fifth Circuit has adopted an "objective standard" when determining whether a bona fide dispute exists.[126]  The Fifth Circuit holds that under the "objective standard" test, "neither the debtor's subjective intent nor his subjective belief is sufficient to meet [his] burden" of proving a bona fide dispute exists.[127]  Simply put, Alleged Debtor's subjective belief that the amount owed to Petitioning Creditor is uncertain or unknown is insufficient in proving that a bona fide dispute exists.[128]  This Court must therefore

---

[123] *In re Sims,* 994 F.2d at 221.
[124] *In re Green Hills Dev. Co., L.L.C.,* 741 F.3d 651, 658 (5th Cir. 2014).
[125] *Id.*; *In re eBackpack*, LLC, 605 B.R. 126, 133 (Bankr. N.D. Tex. 2019).
[126] *In re Sims,* 994 F.2d at 221.
[127] *Id.*
[128] *See In re CorrLine Int'l, LLC*, 516 B.R. 106, 146 (Bankr. S.D. Tex. 2014).

*objectively* determine that there are not substantial questions of fact and law regarding Petitioning Creditor's Claim's satisfaction of § 303(b)(1) to grant summary judgment in favor of Alleged Debtor.[129]

Here, as with its contingency as to liability argument, Alleged Debtor contends that the status of the State Court Suit renders the Claim subject to a bona fide dispute as to liability and amount. Specifically, Alleged Debtor argues that the denial of cross-motions for summary judgment shows that the state court has already determined that a bona fide dispute existed as to whether Alleged Debtor was individually liable on the Promissory Note and thus denied the motions for summary judgment. In Alleged Debtor's view, the denial of these motions means that "it has already been established as law of the case that there is a genuine issue of material fact as to whether the [Petitioning Creditor] has a valid claim."[130] In support of his contention that the Claim is subject to bona fide dispute as to liability and amount, Alleged Debtor offers the same ten exhibits set forth supra. Each of these exhibits are being offered by Alleged Debtor to highlight Petitioning Creditor's need and failure to prove that there is no genuine issue of material fact that Petitioning Creditor's Claim is not subject of a bona fide dispute as to liability or amount.[131] In highlighting the absence of facts showing that the Claim is not subject to a bona fide dispute as to liability or amount, Alleged Debtor has successfully shifted the burden to Petitioning Creditor to provide evidence showing a genuine dispute of material fact as to whether the Claim was subject to a bona fide dispute as to liability or amount.

This Court will first address the Motion as it pertains to whether the Claim is subject to a bona fide dispute as to liability. In its Response, Petitioning Creditor argues that the State Court

---

[129] *Id*. at 146.
[130] ECF No. 6 at 16, ¶ 36.
[131] *Id.*

Suit proceedings are insufficient evidence because the mere fact that "a suit regarding [Petitioning Creditor's] claim is pending in state court does not show a bona fide dispute" as to whether Alleged Debtor is individually liable on the Promissory Note.  As many courts have previously noted, "[p]ending litigation strongly suggests, but does not necessarily establish, the existence of a bona fide dispute."[132]  In other words, without more, the existence of ongoing litigation on a claim is not dispositive.  Petitioning Creditor further argues that Alleged Debtor's emphasis on the motions for summary judgment in the State Court Suit is misguided because "the state court's denial of [Petitioning Creditor's] motion for summary judgment has no bearing on whether a bona fide dispute exists" as to Alleged Debtor's liability on the Promissory Note.[133]  In support of this, Petitioning Creditor cites to *In re Miller*.[134]

In *In re Miller*, the court notes that "[t]he denial of a motion for summary judgment because of unresolved issues of fact does not settle or even tentatively decide anything about the merits of the claim."[135]  Rather, the court highlights that this denial is simply a pretrial order stating that the case should go to trial and not a decision that a bona fide dispute exists.[136]  Although *In re Miller* is a non-binding decision from the Bankruptcy Court in the Eastern District of Tennessee involving the interpretation of a Tennessee state law case, Texas law and the Fifth Circuit have also adopted the standard that a party is not automatically entitled to summary judgment no matter how

---

[132] *In re Metrogate, LLC f/k/a Advance Realty Grp., LLC*, No. 15-12593, 2016 Bankr. LEXIS 2242, 2016 WL 3150177 (Bankr. D. Del. May 26, 2016); *see also Credit Union Liquidity Servs., L.L.C. v. Green Hills Dev. Co., L.L.C. (In re Green Hills Dev. Co., L.L.C.)*, 741 F.3d 651, 659 (5th Cir. 2014) ("Bankruptcy courts routinely consider the existence and character of pending but unresolved litigation as evidence of a bona fide dispute."); *In re TPG Troy, LLC*, 492 B.R. 150, 159 (Bankr. S.D.N.Y. 2013).

[133] ECF No. 8 at 14, ¶ 53.

[134] 487 B.R. 875 (Bankr. E.D. Tenn. 2012).

[135] *Id.* at 881.

[136] *Id.*

meritorious.[137]   Therefore, as in *In re Miller*, denial of a motion for summary judgment is not evidence of a bona fide dispute as to the liability or amount of a claim under Texas law.

Petitioning Creditor further argues that "[Alleged Debtor] asserted no affirmative defenses or counterclaims in the State [Court Suit], further evidencing the absence of a bona fide dispute" as to whether Alleged Debtor guaranteed the Promissory Note.[138]   As courts have noted, "the existence of affirmative defenses may suggest that a bona fide dispute exists."[139]   Although certainly not dispositive, the absence of any affirmative defenses or counterclaims by Alleged Debtor in the State Court Suit undermines Alleged Debtor's assertion that a bona fide dispute exists as to whether he guaranteed the Promissory Note.

Here, the Security Agreement offered by Petitioning Creditor provides that Alleged Debtor is a "guarantor" of the Promissory Note and a "Debtor" of the payment obligations in the Security Agreement.[140]   Alleged Debtor argues that Petitioning Creditor "knew the loan was to STI, the Promissory Note was signed only by STI, the only agreement signed by [Alleged Debtor] is a Security Agreement pledging membership interests, and the secured portion of Petitioner's claim by its own admission is '$1.00.'"[141]   However, these assertions conflict with the plain, unambiguous language of the Security Agreement.   Alleged Debtor's denials of this language are mere assertions and do not show that a bona fide dispute exists as to whether Alleged Debtor did in fact

---

[137] *See In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 465 (Tex. 2008) (noting that "parties are not 'entitled' to summary judgment" no matter how meritorious the motion and that a court may deny a summary judgment motion "[e]ven if the merits [of the motion] could be decided only one way"). The Fifth Circuit has come to the same conclusion regarding federal summary judgment procedure. *See Veillon v. Expl. Services, Inc.*, 876 F.2d 1197, 1200 (5th Cir. 1989) ("A district judge has the discretion to deny a Rule 56 motion even if the movant otherwise successfully carries its burden of proof if the judge has doubt as to the wisdom of terminating the case before a full trial.").
[138] ECF No. 8 at 14, ¶ 54.
[139] *Liberty Tool Mfg. v. Vortex Fishing Sys., Inc. (In Re Vortex Fishing Sys., Inc.)*, 277 F.3d 1057, 1067 (9th Cir. 2002); *In re Sanitas Partners, V.I., LLC*, No. 1-16-bk-10005 (MFW), 2017 Bankr. LEXIS 730, at *4 (Bankr. D.V.I. 2017); *In re Metrogate, LLC*, 2016 Bankr. LEXIS 2242, at *26.
[140] ECF No. 18, Ex. 10.
[141] ECF No. 6 at 11, ¶ 27.

guarantee the Promissory Note. Therefore, Petitioning Creditor has met its burden of production and Alleged Debtor has failed to demonstrate that no genuine dispute exists as to whether the Claim is not subject to a bona fide dispute as to liability.

As to whether Claim is subject to a bona fide dispute as to the amount, Alleged Debtor failed to introduce any evidence contesting the amount in Petitioning Creditor's Claim and no specific contradictory dollar amounts were offered. Instead, Alleged Debtor seems to argue that Petitioning Creditor's Claim is subject to a bona fide dispute as to amount because the ongoing State Court Suit makes it unclear whether Petitioning Creditor will succeed on the Claim at all. This argument goes to liability, not to amount. In sum, Alleged Debtor met his initial burden by showing the absence of sufficient evidence to support an essential element of Petitioning Creditor's Claim, i.e. that the Claim is not subject to a bona fide dispute as to liability or amount. However, Petitioning Creditor has introduced enough evidence to demonstrate a genuine issue of material fact remains as to whether the Claim is subject to a bona fide dispute as to liability or amount to go to trial.

Accordingly, Alleged Debtor's Motion for Summary Judgment requesting dismissal of the involuntary petition is denied.

## IV.   CONCLUSION

While the use of **Rules 12** and **56** are *allowed* in the context of an involuntary petition, their benefits in this context proved to be limited. The Court finds that the better approach for issues such as those raised by the Motion to Dismiss and Motion for Summary Judgement is a prompt trial on the merits. Accordingly, Gary Russell Haymond's "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and (6) and Alternatively, to be Treated as a Motion for Summary Judgment

Pursuant to Fed. R. Civ. P. 12(d) and 56(a)"[142] is denied in its entirety.  Pursuant to Bankruptcy Rule 1011, Alleged Debtor must file an answer within fourteen days from the entry of this Court's order.  The involuntary petition is not dismissed.  A separate scheduling order will be entered where the only issues remaining for trial are whether Triple 7 Capital LLC's claim is contingent as to liability, whether Triple 7 Capital LLC's claim is the subject of a bona fide dispute as to liability or amount and whether an order for relief should be entered.

An order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

SIGNED September 28, 2021

Eduardo Rodriguez
United States Bankruptcy Judge

---

[142] ECF No. 6.